WATFORD, Circuit Judge,
dissenting:
I join Judge Bybee’s dissent, but like him I take no pleasure in voting to dismiss Theodore Washington’s appeal. Dismissing the appeal because his lawyer' filed the notice one day late strikes me as a grave injustice in the circumstances of this case. We are nonetheless compelled to take that action because Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), held that the filing deadline for civil appeals is jurisdictional and thus not subject to equitable exceptions. Id. at 214, 127 S.Ct. 2360. I offer a few thoughts below as to why that holding is worth revisiting, should the Supreme Court decide to take up the issue.
To begin with, neither of the rationales offered by the Court to support the decision in Bowles is sound. The Court relied in part on the fact that Congress itself set the filing deadline for civil appeals in a statute, 28 U.S.C. § 2107, rather than delegating authority to the courts to set the deadline by court rule. 551 U.S. at 210-13, 127 S.Ct. 2360. But that fact proves nothing, really, about what Congress intended. Just because Congress can limit the jurisdiction of federal courts by statute does not mean that it intends every filing deadline fixed by statute to be of jurisdictional stature. We know that to be true because most of the filing deadlines set by Congress in federal statutes of limitations (a close analog here) have been held to be non-jurisdictional. See, e.g., United States v. Wong, — U.S. -, 135 S.Ct. 1625, 1632-33, 191 L.Ed.2d 533 (2015); Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 93-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Thus, as the Supreme Court has explained, we would need some clear indication from Congress that it meant a particular filing deadline to be treated as jurisdictional beyond the fact that the deadline appears in a statute. Wong, 135 S.Ct. at 1632. As I will explain shortly, no such indication appears with respect to the time limits set by § 2107.
The other rationale for Bowles’ holding cannot support the decision standing alone. The Court relied on its long historical practice, reflected in cases dating back more than a century, of treating deadlines for filing appeals from one court to another as jurisdictional. 551 U.S. at 209-10, 127 S.Ct. 2360. The precedents the Court cited, including United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), do indeed refer to appellate filing deadlines as “jurisdictional.” Id. at 224, 80 S.Ct. 282. But each of those cases was decided before 2004, the year the Court began to correct what had been, in past cases, its “less than meticulous” use of the term “jurisdictional.” Kontrick v. Ryan, 540 U.S. 443, 454, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Beginning with Kon-trick, the Court articulated a more precise definition of the term, one limited to re *1118 quirements that describe the classes of cases a court is competent to adjudicate. Id. at 455, 124 S.Ct. 906; Scarborough v. Principi, 541 U.S. 401, 413-14, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004). Just two years before Bowles was decided, the Court identified Robinson as a chief source of the prior confusion and explicitly disavowed Robinson’s, flawed conception of the meaning of “jurisdictional.” Eberhart v. United States, 546 U.S. 12, 16, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam).
While Bowles left the Court’s law “incoherent” the day it was decided, 551 U.S. at 220, 127 S.Ct. 2360 (Souter, J., dissenting), Bowles has become even more of an outlier since then. With one exception, the Court’s post-Bowles cases have routinely held statutory filing deadlines to be non-jurisdictional. See, e.g., Wong, 135 S.Ct. at 1632-33; Sebelius v. Auburn Regional Medical Center, — U.S. -, 133 S.Ct. 817, 824-26, 184 L.Ed.2d 627 (2013); Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 441, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011); Holland, 560 U.S. at 645, 130 S.Ct. 2549. (The one exception is John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008), which, much like Bowles, rested entirely on stare decisis grounds, not on an analysis of the statute under the Court’s current framework for determining whether a requirement is of jurisdictional stature. See Wong, 135 S.Ct. at 1636.) Bowles sticks out as an unprincipled exception to this trend, and it has justifiably been the subject of academic criticism for that reason. See, e.g., Scott Dodson, The Failure of Bowles v. Russell, 43 Tulsa L. Rev. 631, 634-43 (2008); Erin Morrow Hawley, The Supreme Court’s Quiet Revolution: Redefining the Meaning of Jurisdiction, 56 Wm. & Mary L. Rev. 2027, 2051-59 (2015); Howard M. Wasserman, The Demise of “Drive-By Jurisdictional Rulings,” 105 Nw. U. L. Rev. 947, 964-66 (2011).
Bowles’ holding cannot be reconciled with the Court’s current view of what it means for a requirement to be jurisdictional. An appellate filing deadline does not define the classes of cases federal courts of appeals are competent to adjudicate; it merely sets a time limit on a procedural step necessary to move the litigation forward. The Court has observed on more •than one occasion that “time prescriptions, however emphatic, are not properly typed ‘jurisdictional.’” Arbaugh v. Y & H Corp., 546 U.S. 500, 510, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (internal quotation marks omitted).
If the time limits set by § 2107 were analyzed under the approach employed in the Court’s most recent cases, they would undoubtedly be ranked as non-jurisdictional. Section 2107 contains no clear statement of Congress’ intention to make the filing deadline for civil appeals jurisdictional; the statute’s language is no more emphatic, and no more jurisdictional in tone, than any of the other filing deadlines that the Court has held to be non-jurisdictional. See Wong, 135 S.Ct. at 1632-33; Auburn Regional, 133 S.Ct. at 824. The fact that Congress left undisturbed a long line of the Court’s cases that (erroneously) ranked appellate filing deadlines as jurisdictional cannot transform the plainly non-jurisdictional language of § 2107 into a clear statement that the time limits specified there were intended to be jurisdictional. I cannot think of any other area in which the Court, having imposed a clear statement rule, has then been willing to accept congressional silence or inaction as adequate to satisfy the rule.
Nor does § 2107’s placement within the broader statutory scheme reflect an intention to make the time limits jurisdictional. Section 2107 appears in a part of Title 28 entitled “Procedure,” not in the part entitled “Jurisdiction and Venue” that contains *1119 the provisions governing appellate jurisdiction (such as §§ 1291 and 1292). The Court has relied on precisely this sort of placement decision when holding other filing deadlines to be non-jurisdictional. Wong, 135 S.Ct. at 1633; Henderson, 562 U.S. at 439, 131 S.Ct. 1197.
Legislative history, another tool that the Court has used in this area, see Wong, 135 S.Ct. at 1633, also offers no clear indication that Congress intended the time limits in § 2107 to be treated as jurisdictional, rather than as run-of-the-mill time prescriptions. In fact, § 2107’s legislative history reveals that Congress fixed the section’s particular time limits based on a pre-exist-ing court rule, to which Congress merely sought to conform the statutory provision. See 16A Charles Alan Wright et al., Federal Practice and Procedure § 3950.1, at 186-88 (4th ed. 2008).
Finally, appellate filing deadlines fit precisely within the definition of what the Court has called “claim-processing rules,” that is, “rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.” Henderson, 562 U.S. at 435, 131 S.Ct. 1197. As the Court’s recent cases make clear, claim-processing rules are “[ajmong the types of rules that should not be described as jurisdictional.” Id.
In sum, Bowles stands on shaky ground and merits reconsideration. Nevertheless, it controls here and, if faithfully applied, requires us to dismiss Washington’s appeal as untimely, even at the cost of ending Washington’s bid to obtain habeas relief from his death sentence on grounds similar to those that spared his co-defendant’s life.